UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO.: |
| v. | § | 3:14-CV-3495-B |
| | § | |
| DALLAS COUNTY POLICE | § | |
| DEPARTMENT, | § | |
| Defendant. | § | |
| | § | |

## ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made Findings, Conclusions, and a Recommendation in this case. Plaintiff filed objections along with a motion to appoint counsel, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

On September 26, 2014, Plaintiff filed a *pro se* complaint against Defendant "Dallas County Police Department." On September 29, 2014, the Court issued a deficiency order requiring Plaintiff to identify a suable governmental entity and/or individual. The deadline for Plaintiff's response was October 14, 2014, but Plaintiff neither responded to the deficiency order nor sought an extension of time to do so. Thus, on November 4, 2014, the Magistrate Judge recommended that this case be dismissed without prejudice for want of prosecution and for failing to comply with a court order. On November 24, 2014, Plaintiff submitted the instant objections with motion to

appoint counsel.  In the former, she states that she wants to proceed with this case, claiming she was late in responding to thedeficiency order because of an unspecified court holiday.  Plaintiff also seeks to name an Irving Police Officer and unidentified jailers as defendants.

The Court rejects Plaintiff's belated and unsupported reason for failing to comply with the September 2014 deficiency order.  Accordingly, Plaintiff's objections are overruled, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge.

In addition, Plaintiff's motion to appoint counsel is **DENIED** because she does not show that her case presents exceptional circumstances warranting the appointment of counsel.  28 U.S.C.  1915(e)(1) (a court may appoint counsel for a plaintiff proceeding *in forma pauperis* if the case presents "'exceptional circumstances.'"); *see Castro Romero v. Becken*, 256 F.3d 349, 353-354 (5th Cir. 2001) (an *in forma pauperis* plaintiff is not entitled to court-appointed counsel as a matter of law).

IT IS THEREFORE ORDERED that this action is **DISMISSED without prejudice** for want of prosecution and for failure to comply with a court's order.  See FED. R. CIV. P. 41(b).

The Court prospectively **CERTIFIES** that any appeal of this action would not be taken in good faith.  See 28 U.S.C. § 1915(a)(3); FED. R. APP. P. 24(a)(3).  In support of this certification, the Court adopts and incorporates by reference the Magistrate Judge's Findings, Conclusions, and Recommendation and this Order.  See Baugh v. Taylor, 117 F.3d 197, 202 and n.21 (5th Cir. 1997).  Based on the Findings and Recommendation and this order, the Court finds that any appeal of this action would present no legal point of arguable merit and would, therefore, be frivolous.  Howard

*v. King*, 707 F.2d 215, 220 (5th Cir. 1983).[1]  In the event of an appeal, Plaintiff may challenge this certification by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of the Court, U.S. Court of Appeals for the Fifth Circuit.  See *Baugh*, 117 F.3d at 202; Fed. R. App. P. 24(a)(5).

SO ORDERED this December 3, 2014.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1] Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order.  A timely notice of appeal must be filed even if the district court certifies an appeal as not taken in good faith.