IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KESHA TERRY, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:14-CV-3495-B-BK |
| | § | |
| DALLAS COUNTY POLICE | § | |
| DEPARTMENT, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court for consideration is Plaintiff's *pro se* motion for reconsideration, filed January 7, 2015, and referred to the United States Magistrate Judge. [Doc. 12].

On September 26, 2014, Plaintiff filed a pro se complaint against Defendant "Dallas County Police Department," complaining of injuries endured as a result of police misconduct in May 2013. [Doc. 2 at 1]. On September 29, 2014, the Court issued a deficiency order requiring Plaintiff to identify a suable governmental entity and/or individual. [Doc. 7]. The deadline for Plaintiff's response was October 14, 2014, but Plaintiff neither responded to the deficiency order nor sought an extension of time to do so. Thus, on November 4, 2014, the Magistrate Judge recommended that this case be dismissed without prejudice for want of prosecution and for failing to comply with a court order. [Doc. 8]. Then, on December 3, 2014, the Court accepted the Magistrate Judge's recommendation, rejecting Plaintiff's belated and unsupported reason for failing to comply with the September 2014 deficiency order, and dismissed this case without prejudice for want of prosecution and for failure to comply with a Court's order. *See* FED. R. CIV. P. 41(b). [Doc. 9; Doc. 10; Doc. 11].

In her motion for reconsideration, Plaintiff requests the Court to reconsider the dismissal of her case due to the serious injuries that she endured.  [Doc. 12].

Because she filed the motion more than 28 days after the entry of the judgment, *see* FED. R. CIV. P. 59(e), the Court construes the request for reconsideration under FED. R. CIV. P. 60(b). However, Plaintiff fails to present any "extraordinary circumstances" justifying relief under Rule 60(b)(6).  *See Gov't Financial Services One Ltd. Partnership v. Peyton Place, Inc.*, 62 F.3d 767, 774 (5th Cir. 1995) (relief under FED. R. CIV. P. 60(b)(6) is available "'only if extraordinary circumstances are present'").  Instead, she merely restates allegations of police misconduct made previously in her complaint and motion for appointment of counsel.

Accordingly, it is recommended that Plaintiff's motion for reconsideration [Doc. 12] be **DENIED**.

**SIGNED** January 8, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE